CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 11, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM NICHOLAS CASEY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:23cv00587 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCIE WILLIAMS, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Plaintiff Adam Nicholas Casey, a former Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983, against a state court judge and an unknown person from the "Department of Social Services Child Support Enforcement Division."[1] (ECF Nos. 8 & 15.) Having reviewed Casey's amended complaint,[2] the court concludes that his allegations fail to state a cognizable federal claim against the unknown defendant and are frivolous against the judge. Therefore, the court will dismiss Casey's amended complaint under 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

---

[1] Casey self-identifies as a "Sovereign Citizen." (*See* ECF No. 13 at 1.) "Sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *United States v. Ulloa*, 511 F. App'x 105, 106 n. 1 (2d Cir. 2013); *see also Presley v. Prodan*, No. 3:12-3511-CMC-JDA, 2013 WL 1342465, at *2 (D.S.C. Mar. 11, 2013) (collecting cases describing the "sovereign citizen" movement and its common features). Sovereign citizen theories have repeatedly been rejected by courts as baseless. *See, e.g., United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (explaining claim by party that he was "outside" the jurisdiction of the United States to be "completely without merit" and "patently frivolous" and rejecting it "without expending any more of this Court's resources on their discussion").

[2] Casey's amended complaint (ECF No. 8) is the only operative complaint in this action. (*See* ECF No. 7 at 2.)

## I.

Casey alleges that on June 27, 2023, he went to Juvenile and Domestic Relations Court for a child support hearing "where [he] attempted to challenge personal and subject matter jurisdiction via petition," but the judge "would not let [him] file it" and, instead, "had [Casey] imprisoned for contempt without findin[]g personal or subject matter jurisdiction." (Am. Compl. at 2–3 [ECF No. 8].) Casey states that he "had gained agreed statements of the fact prior via friendly suit that the said court and the judge lacked personal [and] subject matter jurisdiction." (*Id.*) Casey states that he "attempted to appeal but they won't let [him] without payment of [the child support] purge [payment] and [he is] indigent." (*Id.*) As relief, Casey seeks "immediate release,"[3] $2 million in damages, and a jury trial.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that the deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Casey's amended complaint alleges no facts against the unknown person from the "Department of Social Services Child Support Enforcement Division" and, thus, the court cannot determine that this defendant was involved at all in any

---

[3] The court notes that since filing this action, Casey has been released from incarceration. (*See* ECF No. 11.) Moreover, "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *see generally*, *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions). To the extent Casey challenges the validity of his conviction and seeks immediate or speedier release from incarceration, his claim is not cognizable in a § 1983 action.

alleged violation his rights. Accordingly, the court will dismiss the amended complaint without prejudice against this defendant for failure to state a claim.

### III.

Casey appears to allege that the defendant judge denied him due process at his child support hearing by not allowing him to file a petition and finding him in contempt of court. Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 U.S. Dist. LEXIS 114247, at *6 (E.D. Va. Dec. 8, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations omitted), *overruled on other grounds by Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). Judges are entitled to immunity even if "the action [they] took was in error, was done maliciously, or was in excess of [their] authority . . . ." *Stump*, 435 U.S. at 356; *see also Bradley v. Fisher*, 80 U.S. 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.").

Casey's allegations against the judge describe actions taken within her judicial discretion. Accordingly, the judge is entitled to judicial immunity and the court will dismiss Casey's amended complaint against the judge as frivolous.

## IV.

For the reasons discussed, the court will dismiss Casey's amended complaint for failure to state a claim against the unknown defendant and as frivolous against the judge, under 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Casey at his last known address.

**ENTERED** this 11th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE